UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

XUAN HIEU PHAM,

                Petitioner,              Case No. 1:26-cv-941

v.

                                   Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.12–13.) In an order entered on March 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the December 29, 2025 bond hearing on April 2, 2026. (Resp., ECF No. 5; Recording of Dec. 29, 2025 Bond Hearing, filed on Apr. 2, 2026.) On April 8, 2026, Petitioner filed a motion for extension of time to file his reply and his reply. (ECF Nos. 6, 7.) The Court grants Petitioner's motion for extension of time to file a reply and accepts his reply as timely filed. (ECF No. 6.)

## II.    Factual Background

Petitioner is a citizen of Vietnam who was admitted to the United States on July 18, 2022, pursuant to a nonimmigrant B-1 visa with authorization to remain in the United States until January 17, 2023. (Pet., ECF No. 1, PageID.8; Notice to Appear (NTA), ECF No. 1-2, PageID.16.) Petitioner overstayed his visa, and on January 28, 2024, Petitioner took the wrong exit and ended up on the Ambassador Bridge in Detroit, where he encountered Department of Homeland Security (DHS) agents. (Pet., ECF No. 1, PageID.8; 2025 Form I-213, ECF No. 1-6, PageID.24.) DHS detained Petitioner and issued an NTA, charging Petitioner as removable under § 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), because he remained in the United States longer than permitted. (*Id*.; NTA, ECF No. 1-2, PageID.16.) Thereafter, Petitioner was released on his own recognizance. (Order of Release on Recognizance, ECF No. 5-1, PageID.52.)

In February 2024, Petitioner married his girlfriend who is a United States citizen. (Pet., ECF No. 1, PageID.9.) On October 4, 2024, Petitioner filed a Form I-130, Petition for Alien Relative, which remains pending. (*Id*.; 2024 Form I-797C Notice of Action, ECF No. 1-4, PageID.21.) Petitioner has no criminal history. (Pet., ECF No. 1, PageID.10; 2025 Form I-213, ECF No. 1-6, PageID.24.)

On December 5, 2025, Petitioner was arrested by ICE when he reported for his annual check-in appointment due to "multiple ATD violations." (Pet., ECF No. 1, PageID.9; 2025 Form

2

I-213, ECF No. 1-6, PageID.23.) However, Petitioner asserts that he was not informed of any violations and that they are not documented on the Form I-213. (Pet., ECF No. 1, PageID.3, 9.)

On December 29, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) During the hearing, Petitioner asserted that he never missed an in-person check-in appointment with ICE, but missed one phone check-in call, where Petitioner claimed he called ICE right back. (Recording of Dec. 29, 2025 Bond Hearing, filed on Apr. 2, 2026.) At the conclusion of the hearing, the Immigration Judge (IJ) denied Petitioner's request for bond because Petitioner "did not establish he is not a flight risk." (Order of the IJ, ECF No. 1-3, PageID.19.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court

will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 22, 2026              /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge